MARC E. HANKIN (SBN: 170505)
E-Mail: Marc@hpl.law
ANOOJ PATEL (SBN: 300297)
E-Mail: Anooj@hpl.law
ELODIE BARDON (SBN: 352856)
E-Mail: Elodie@hpl.law
**HANKIN PATENT LAW, APC**
11414 Thurston Circle
Los Angeles, CA 90049
Tel: (310) 979-3600

Attorneys for PLAINTIFF,
**INTERNATIONAL BULLION AND METAL BROKERS USA, INC.**

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| International Bullion and Metal Brokers USA, Inc., a New York Corporation,<br><br>Plaintiff<br><br>v.<br><br>QVC, Inc., a Delaware Corporation; and NES Jewelry, Inc., a New York Corporation,<br><br>Defendants. | CASE No. 5:25-cv-00078<br><br>**COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff International Bullion and Metal Brokers USA, Inc. ("IBB" or "Plaintiff"), for its Complaint for Patent Infringement and Unfair Competition against Defendants QVC, Inc. ("QVC") and NES Jewelry, Inc. ("NES") (collectively Defendants), alleges as follows:

**JURISDICTION AND VENUE**

1. This Complaint includes a Claim for Relief for Patent Infringement arising under the Patent Laws of the United States, 35 U.S.C. §101, *et seq*., for Defendants' infringement of IBB's U.S. Design Patent No. D 903,524, and related federal and state law claims.

2. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has supplemental jurisdiction over the

state common law claims pursuant to 28 U.S.C. § 1367 because those claims are so closely related to the federal claims asserted herein as to form part of the same case and controversy.

3.      This Court has personal jurisdiction over Defendants because, among other things:  Defendants offered for sale and shipped products to California, including those complained of herein; Defendants' websites are accessible in California; and Defendants have committed, aided, abetted, contributed to and/or participated in the commission of acts giving rise to this action within this Judicial District within the State of California.

4.      Further, QVC has three (3) offices in California, located in Lancaster, CA, Ontario, CA, and San Mateo, CA, as well as a Distribution Center Warehouse in Ontario, California.

5.      Defendant NES regularly sells products to major retailers known to operate in California, including Target, Macy's, TJ Maxx, Walmart, JC Penny, and Kohls. Additionally, upon information and belief, Defendant NES dropships products to California through Walmart, Macy's, Kohls, and other retailers, which means Defendant NES holds inventory in these major retailers' warehouses, which are in California, prior to shipment and fulfillment by the major retailers.

6.      Defendants have more than minimum contacts with California and it is fair and reasonable for this Court to exert personal jurisdiction over Defendants.

7.      Venue is proper in this Court pursuant to 28 U.S.C. §§ 1391(b) at least because Defendants have done business in this district and have (directly and/or indirectly) committed acts of infringement in this district, in addition to the fact that QVC has regular and established places of business within this Judicial District.

## THE PARTIES

8.      Plaintiff International Bullion and Metal Brokers USA, Inc. is a New York Corporation with a principal place of business at 14051 NW 14th Street, Sunrise, Florida 33323.

9.      IBB was founded in 1977 and offers, *inter alia*, jewelry and jewelry

adjacent products, including a patented Ornament Box ("the IBB Ornament").

1     10.    Defendant QVC, Inc. is a Delaware Corporation with a place of business

2 at 853 QVC Wy, Ontario, CA 91764.

3     11.    QVC is an online and shopping channel that is well-known for offering for

4 sale various goods, including jewelry.

5     12.    In the past, QVC has purchased jewelry from IBB.

6     13.    Defendant NES Jewelry, Inc. is a New York Corporation with a place of

7 business at 10 West 33rd Street New York, NY 10001.

8     14.    NES is a direct competitor of IBB.

9     15.    On information and belief, Defendants ship their products to all States in

10 the United States of America, including California.

11                                  **RELEVANT FACTS**

12     **I.  Defendant QVC's Website Listing**

13     16.    Upon information and belief, QVC owns and operates QVC's Website,

14 located at the URL www.qvc.com/. A true and correct copy of the website is attached

15 hereto as Exhibit A.

16     17.    Upon information and belief, QVC's Website is an online store.

17     18.    QVC offers and sells on its television channel and website a selection of

18 products that change periodically.

19     19.    QVC has offered on its television channel and has sold on its website a

20 product under the name "Diamonique Puffed Pave Bale Initial Necklace with Box"

21 ("the Infringing Products"). A true and correct copy of the QVC's Listing on its Website

22 for the Infringing Products is attached hereto as Exhibit B.

23     20.    Upon information and belief, QVC purchased the Infringing Products from

24 NES.

25     21.    Defendants are not a licensed distributors of Plaintiff's Products.

26     22.    Plaintiff did not sell the Infringing Product to Defendants.

27     23.    Defendants' offer for sale of the Infringing Products was not authorized in

28 any way by Plaintiff.

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

24.    The Infringing Products are not products that were initially manufactured or sold by Plaintiff.

## II. Plaintiff IBB's Registered Design Patent

25.    Plaintiff is the owner of U.S. Design Patent No. D 903,524, titled Ornament (the "'524 Patent"). A true and correct copy of the '524 Patent is attached hereto as Exhibit C.



The '524 Patent

26.    The '524 Patent was filed on February 6, 2020, and granted on December 1, 2020.

27.    The '524 Patent covers the design of an ornament that opens.

28.    The Infringing Products clearly practice the claim of the '524 Patent.

29.    Plaintiff has never authorized Defendants to practice the claim of the '524 Patent.

30.    Plaintiff has not authorized any other third party to practice the claim of

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

the '524 Patent, except for those entities to whom Plaintiff has sold its products.

31.     By way of example, as shown below, the Infringing Products appear identical to the design claimed and protected by the '524 Patent:

| The '524 Patent | The IBB Ornament | The Infringing Products |
|---|---|---|
|  |  |  |
|  |  |  |

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28



COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27



28

32.     Therefore, there is no doubt that the Infringing Products infringe Plaintiff's

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION

'524 Patent.

33.    Upon information and belief, Defendant NES has offered for sale and has sold the Infringing Products on its website.

34.    Upon information and belief, Defendants have used, sold, and/or offered to sell the Infringing Products in the United States.

35.    As a result of Defendants' actions, the Infringing Products, and potentially other infringing products, have been sold, offered for sale, and used in the United States to the irreparable harm of Plaintiff.

36.    As a result of Defendants' infringing actions, Defendants have reaped financial profits and gains while Plaintiff has suffered financial losses.

37.    Defendants have never requested Plaintiff's permission or authorization to practice the claim of the '524 Patent, and Plaintiff has never authorized Defendants to do so.

38.    As such, Defendants' infringing actions are in complete disregard of Plaintiff's rights.

**III.    Plaintiff and QVC's Relationship**

39.    On June 2, 2020, IBB sent to QVC an email asking if QVC would be interested in buying the IBB Ornament for resale on QVC ("the June 2, 2020 Email"). A true and correct copy of the June 2, 2020 Email is attached hereto as Exhibit D.

40.    In the June 2, 2020 Email, IBB provided to QVC photographs of the IBB Ornament, and clearly informed QVC that the IBB Ornament was Patented.

41.    Accordingly, at least as early as June 2, 2020, QVC was aware that the IBB Ornament was protected by a Patent.

**IV.    Plaintiff and NES's Relationship**

42.    IBB and NES have been fierce competitors, and often attempt to sell their goods to the same or similar big box retailers.

43.    NES was aware of the '524 Patent prior to selling the Infringing Products to QVC.

44.    NES was aware that the IBB Ornament was protected by a Patent prior to

selling the Infringing Products to QVC.

45.     Upon information and belief, NES sold the Infringing Products to entities other than QVC.

## V. Defendants' Wrongful Actions Regarding Unfair Competition.

46.     Upon information and belief, Defendants offer to sell and actually sell various products to various entities.

47.     Upon information and belief, QVC offered to sell and actually sold the Infringing Products through its online store.

48.     During the entire time that QVC sold and offered to sell the Infringing Products on its online store, QVC knew, or should have known, about the '524 Patent and that the Infringing Product infringed IBB's Patent Rights by virtue of, at least, the previous relationship between QVC and IBB and the communications between them.

49.     The Infringing Products are a direct copy of Plaintiff's IBB Ornament and also practice the claim of the '524 Patent.

50.     Because of Defendants' unfair competition, some customers that otherwise would have purchased Plaintiff's products, instead purchased the Infringing Products.

51.     Additionally, Defendants' acts resulting in unfair competition, resulted in diverting and poaching customers from Plaintiff to Defendant QVC's Website, which benefited from a snowball effect by also promoting other items that Defendant QVC has for sale online and shining light on the particular periodical operation of Defendant QVC's website, increasing Defendant QVC's profits on its overall sales.

52.     As a direct and proximate result of Defendants' wrongful conduct, Plaintiff is entitled to an injunction preventing Defendants from engaging in the above-described unlawful, unfair and/or fraudulent business acts or practices, and restitution in the amount of all of Defendants' profits earned in connection with the foregoing activities.

## VI.    Plaintiff's Actions After Discovering Infringement

53.     On December 10, 2024, Plaintiff sent to Defendant QVC a Cease and Desist Letter identifying Defendant QVC's Patent Infringement, and Plaintiff requested a response, including an accounting of sales, no later than December 13, 2024. A true

and correct copy of the Cease and Desist Letter is attached hereto as Exhibit E.

54. On December 11, 2024, Defendant QVC's in-house counsel responded to the Cease & Desist Letter to confirm receipt.

55. On December 20, 2024, Defendant QVC sent to IBB a Response Letter indicating that the listings for the Infringing Products had been disabled and Defendant QVC identified Defendant NES as the supplier of the Infringing Products. A true and correct copy of the Response Letter is attached hereto as Exhibit F.

56. The Response Letter did not provide any information regarding an accounting of sales.

## FIRST CLAIM FOR RELIEF

(Direct Infringement of U.S. Design Patent No. D 903,524)

57. Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

58. Defendants have used, offered to sell, and sold in the United States, the Infringing Products that directly, indirectly, and/or under the Doctrine of Equivalents, infringe the '524 Patent without Plaintiff's authorization, pursuant to 35 U.S.C. § 271 and other applicable law.

59. Defendants have infringed at least the Claim of the '524 Patent through the foregoing activities including, without limitation, making, using, offering for sale, and actually selling the Infringing Products in the United States.

60. Defendants' infringement, contributory infringement, and/or knowing and intentional inducement to infringe has injured Plaintiff, and Plaintiff is entitled to recover damages adequate to compensate it for such infringement, including lost profits, but in no event not less than a reasonable royalty, as permitted under 35 U.S.C. § 284.

61. In addition, pursuant to 35 U.S.C. § 284, Plaintiff is entitled to enhanced and treble damages against Defendants together with interest at the maximum legal rate and costs as fixed by the Court.

62. Upon information and belief, Defendants' infringement has been intentional and willful, making this an exceptional case, at least in part due to the

histories between the Parties.

63.    Because this is an exceptional case, Plaintiff is entitled to recover its attorney's fees pursuant to 35 U.S.C. §285.

64.    Defendants' infringement of the '524 Patent has caused irreparable harm to IBB, which has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

### (Common Law Unfair Competition)

65.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

66.    Defendants' intentional actions to circumvent Plaintiff with regard to selling the Infringing Products constitutes unfair competition under common law.

67.    Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law.

68.    Plaintiff is thus entitled to a permanent injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them from engaging in further such unlawful acts.

69.    Defendants' acts were done intentionally and with their actual knowledge of Plaintiff's rights.

70.    As a result of this unfair competition, Plaintiff has sustained damages in an amount to be determined at trial, plus interest, costs, and attorneys' fees.

## THIRD CLAIM FOR RELIEF

### (Unfair Competition – Cal. Bus. & Prof. Code § 17200, *et seq.*)

71.    Plaintiff incorporates herein by reference the allegations of the preceding paragraphs as though fully set forth herein.

72.    Defendants' conduct as stated herein constitutes unfair methods of competition and/or unfair, unlawful, fraudulent and/or deceptive business acts or practices in the conduct of a trade or commerce in violation of California Business and Professions Code § 17200.

73.    Defendants' conduct, in violation of California Business and Professions

Code § 17200, *et seq.*, has caused public confusion, deception, mistake, and infringes Plaintiff's rights, including its Patent rights.

74.    Plaintiff has suffered irreparable harm as a result of Defendants' conduct, and Plaintiff is without an adequate remedy at law.

75.    Plaintiff is thus entitled to a permanent injunction restraining Defendants, their agents, employees, representatives, and all other persons acting in concert with them from engaging in further such unlawful acts.

76.    Plaintiff is entitled to restitution in the amount of all of Defendants' profits earned in connection with the activities complained of herein.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment to be entered in its favor and against Defendants as follows:

a)  That judgement be entered in favor of Plaintiff and against Defendants on each claim made in the Complaint;

b)  That the Court order that Defendants, their officers, agents, directors, servants, employees, representatives, successors, and assigns, and all persons, firms, or corporations in active concert or participation with Defendants, be immediately and permanently enjoined from directly or indirectly infringing the '524 Patent;

c)  That Plaintiff be awarded the damages that Plaintiff has sustained and the profits that Defendants have derived as a result of their Patent Infringement, unfair competition, and other misconduct specified herein, in an amount to be determined at trial;

d)  That Plaintiff be awarded treble damages in accordance with 35 U.S.C. § 284, and/or awarded exemplary or punitive damages as is deemed appropriate because of the willful and intentional nature of Defendants' conduct;

e)  That Plaintiff be awarded prejudgment interest, post judgment interest, and taxable costs of this action, including Expert Witness fees, together with

attorneys' fees, pursuant 35 U.S.C. § 285;

f) That Defendants be ordered to make restitution to Plaintiff for any unjust enrichment caused by virtue of their unlawful conduct as complained of herein; and

g) That Plaintiff be granted such other and further relief as the Court deems just and proper.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated:  January 13, 2025

*/Marc E. Hankin/*

Marc E. Hankin, Esq.
Attorneys for Plaintiff
**International Bullion and Metal Brokers USA, Inc.**

## DEMAND FOR JURY TRIAL

International Bullion and Metal Brokers USA, Inc. hereby demand trial by jury on all claims and issues so triable.

Respectfully submitted,

**HANKIN PATENT LAW, APC**

Dated:  January 13, 2025

*/Marc E. Hankin/*

Marc E. Hankin, Esq.
Attorneys for Plaintiff
**International Bullion and Metal Brokers USA, Inc.**

COMPLAINT FOR PATENT INFRINGEMENT AND UNFAIR COMPETITION